

655 Montgomery Street, Suite 1430
San Francisco, CA 94111
T 415.738.6850
F 415.738.6855

Leila Narvid
(415) 738-6842
ln@paynefears.com

File No. 6789.001

June 2, 2025

**VIA ECF**

Honorable James R. Cho
United States District Court for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Kulke v. Sopheon Corp., et al.*
        Case No. 1:25-cv-01218 JRC (E.D.N.Y.)

Dear Judge Cho:

We represent Defendants Sopheon Corporation and Greg Coticchia in the above-referenced matter pending in the Eastern District of New York. Pursuant to Your Honor's Individual Rule F.5, and for the reasons set forth below, Defendant Sopheon moves to strike Paragraphs 91 and 92 from the Complaint under Federal Rule of Procedure 12(f).

I met and conferred with Plaintiff's counsel on the issues raised in this Motion. On May 27, 2025, I spoke on the telephone with Attorney Megan Goddard regarding Sopheon's arguments in support of its intended Motion to Strike Paragraphs 91 and 92 of the Complaint on the grounds that the paragraphs contain a series of irrelevant accusations and attacks by anonymous individuals designed solely to prejudice Sopheon. Ms. Goddard indicated that Plaintiff would not agree to strike Paragraphs 91 and 92 of the Complaint.

### The Court Should Strike Plaintiff's Irrelevant and Unduly Prejudicial Allegations

A Court may "order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Motions to strike "may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." *Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226, 1241–42 (S.D.N.Y. 1995). And even relevant allegations may be stricken as scandalous where the "allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court . . . ." *Cabbie v. Rollieson*, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (internal citations omitted). Scandalous or impertinent allegations are those that "[cast] an adverse light on the character of an individual or party." *Morales v. Digital Equip. Corp.*, 669 F. Supp. 1173, 1186 (D.P.R. 1987), *aff'd*, 843 F.2d 613 (1st Cir. 1988). Where "motions to strike remove unnecessary clutter from the case, they serve to

Honorable James R. Cho
June 2, 2025
Page 2

expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Paragraphs 91 and 92 are both irrelevant and scandalous, and neither would have any chance of being admissible evidence in Court. Both paragraphs relate to purported "reviews" on an internet "job rating site" left by anonymous individuals concerning Mr. Coticchia and Sopheon. Among other mudslinging, the paragraphs reference an anonymous individual's description of Sopheon as "a demoralizing nightmare." (Comp. ¶ 91).

The allegations have no tendency to make any material fact raised in Plaintiff's Complaint more or less probable. At best, they are vague, inadmissible, anonymous gossip, no more helpful than street chatter. And these allegations make *no* mention whatsoever of Defendants' alleged treatment of Plaintiff, let alone Plaintiff's claims (essentially gender and sexual orientation discrimination and retaliation claims) raised in this case. *Nextel of N.Y., Inc. v City of Mt. Vernon*, 361 F. Supp. 2d 336 (S.D.N.Y. 2005) ("Irrelevant background material . . . where unnecessary to a short plain statement of the facts, may be stricken if it would be prejudicial before a jury.") At best, the paragraphs merely invite the reader to conclude that Defendants must have engaged in discriminatory and retaliatory conduct because they have a bad character, according to some unnamed writers whose credibility and motivation could never be tested. But even if the anonymity issue could be resolved, such reliance on character evidence is impermissible and has no place in a pleading. *See* Fed. R. Evid. 404 (prohibiting a party from introducing evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith"); *see also Michelson v. United States*, 335 U.S. 469, 475–76 (1948) (holding that the overriding policy for excluding propensity evidence is that its disallowance tends to prevent confusion of the issues, unfair surprise, and undue prejudice).

In addition to the above, the anonymous, irrelevant internet postings are nothing more than inadmissible and unreliable hearsay (and double hearsay) from unidentified declarants. There's no indication of *who* made these statements, whether or not they actually worked for Sopheon, when they worked at Sopheon, and what their personal circumstances were at Sopheon. There are no indicia of reliability in the allegations; they accordingly would be inadmissible, which further supports a finding that the statements should be stricken. *See Adams v. Northstar Location Servs.*, LLC, 09-cv-1063, 2010 U.S. Dist. LEXIS 106187, *24 (S.D.N.Y. 2010) (irrelevant and prejudicial hearsay is stricken from complaint*.); Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (matter may be stricken if "it can be shown that no evidence in support of the allegation would be admissible").

For all of the foregoing reasons, Sopheon respectfully requests the Court grant this Motion to Strike Paragraphs 91–92 of the Complaint.

We thank Your Honor for your time and attention to this matter.

Honorable James R. Cho
June 2, 2025
Page 3

Sincerely,

*/s/ Leila Narvid*

Leila Narvid
PAYNE & FEARS LLP

4921-4420-8457.1