# G O D D A R D  L A W  P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

June 16, 2025

**VIA ECF**
The Honorable Judge James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: **Kulke v. Sopheon Corp., et al.**
           **Docket No.: 1:25-cv-01218 (RER) (JRC)**

Dear Judge Cho:

      The undersigned represents Plaintiff Deanne Kulke in the above-captioned matter. We write in opposition to Defendants' Motion to Strike Paragraphs 91 and 92 from the Complaint filed June 2, 2025, and in accordance with the Court's Order of June 4, 2025.

## Legal Standard

      Federal Rule of Civil Procedure 12(f) operates to allow a Court to strike from any pleading "…redundant, immaterial, impertinent, or scandalous matter."  However, these motions are generally not favored. *IMG Fragrance Brands, LLC v. Houbigant, Inc.,* 2009 WL 5088750, at *1 (S.D.N.Y. Dec. 18, 2009). As such, movants have a high burden of proof on such motions. "A party moving to strike has a high burden and must demonstrate that: "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, at *26 (S.D.N.Y. Sept. 9, 2021), on reconsideration in part, WL 4579121 (S.D.N.Y. Sept. 29, 2022). In deciding a motion to strike, courts use a scalpel, not a butcher knife. *Nash v. HomeGoods, Inc.*, 2019 WL 1433049, at *11 (E.D.N.Y. Mar. 29, 2019)(internal quotation marks omitted). The Defendants in the instant case have not and cannot meet this exacting standard and as such this Motion should be denied.

Argument

**1. Defendants Have Not Shown that No Admissible Evidence Exists in Support of These Allegations**

The paragraphs in question read as follows:

91.     At the time this complaint was written, Defendant Sopheon had 116 reviews on popular "job rating" site Glassdoor.com. Among a plethora of negative assessments of the company are brutal descriptions of Defendant Coticchia as a "charlatan" and leadership as "narcissists" who condone "rampant, blatant cronyism." One reviewer described the "company culture [as] a demoralizing nightmare" and another wrote, "stress levels during time in this company is unmatched" and said that the "managers do not care about that." Another asserted, "It took a toll on my mental health."

92.     Regarding practices of discrimination, one reviewer remarked that Defendant Sopheon should "work on diversity: there have got to be more than 2 POC in the U.S. who are qualified to work at Sopheon." Significantly, another wrote: "Before I resigned at least 3-4 employees have gone to HR to report toxic and harassing behavior from management. I submitted written documentation too. Nothing."

In order to prevail on this motion, Defendants would have to demonstrate that there exists no admissible information that would support these allegations – i.e., they would have to show that there is neither written record nor witness who could testify to rampant blatant cronyism, that the work environment was demoralizing, that employees were stressed, that company demographics show a disproportionate number of white employees, and that no employee reported harassing behavior from management to human resources. As the subject matter of this case is employment discrimination suffered by the Plaintiff and facilitated by the "old boy's club" environment fostered by individual defendant Greg Coticchia ("Coticchia"), the Defendants would in essence have to prove their entire case at the pleadings stage in order to have these paragraphs stricken.

**2. The Allegations in Paragraphs 91-92 are Relevant to Plaintiff's Case**

"An allegation should not be stricken from a complaint when it is found to be "directly relevant to one of the main issues in th[e] case." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 69 (E.D.N.Y. 2011). The allegations in these paragraphs speak directly and exclusively to the work environment at Sopheon, which is the source of Plaintiff's complaint. There is no dearth of generally unflattering Glassdoor reviews of Sopheon, criticizing everything from outdated technology to uncompetitive wages. The reviews that Plaintiff included in Paragraphs 91-92 speak only to the work environment and are relevant as they show 1) a pattern of behavior by Coticchia and 2) that Sopheon was or should have been aware of this behavior. *See,*

2

*e.g. Eckhart,* 2021 WL 4124616 at *26 (declining to strike paragraphs including the allegations of anonymous witnesses where they tended to show a pattern of behavior and that the corporate defendant was aware of an individual defendant's conduct). Defendants' attempts to conflate propensity and pattern of behavior should not be credited.

It is true that courts may strike relevant allegations if they are particularly scandalous. *Cabbie v. Rollieson*, 2006 WL 464078, at *11 (S.D.N.Y. 2006). "A scandalous allegation is one that reflects unnecessarily on the defendant's moral character or uses repulsive language that detracts from the dignity of the court." *Id.* The paragraphs in question reflect on Defendants' abilities as managers. If criticism of Defendants' leadership and management skills were to be considered scandalous, very few complaints of employment discrimination would pass muster.

### 3. Defendants Cannot Show that They Will be Prejudiced by the Inclusion of These Paragraphs

"The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Lynch,* 278 F.R.D. 55 at 67, quoting 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011), see also *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 51 (S.D.N.Y. 2020)(denying motion to strike where the information was already public). The allegations set forth in Paragraphs 91-92 are generally available to anyone with an internet connection. Their inclusion in the instant case can thus cause no prejudice to the Defendants.

### Conclusion

The Defendants have come nowhere close to meeting their burden in order to have Paragraphs 91-92 of Plaintiff's Complaint stricken. The Plaintiff thus respectfully requests that this Motion be denied in its entirety.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

GODDARD LAW PLLC

*/s/ Megan S. Goddard*
By: Megan S. Goddard, Esq.

cc: All Counsel of Record (via ECF)

3