UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DEANNE KULKE,                                :
                                             :
                            Plaintiff,    :       REPORT AND
                                             :       RECOMMENDATION
      -against-                         :
                                             :       No. 25-CV-1218-RER-JRC
                                             :
SOPHEON CORPORATION and                      :
GREG COTICCHIA,                              :
                                             :
                          Defendants.    :
                                             :
-------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

       On March 4, 2025, plaintiff Deanne Kulke ("plaintiff") commenced this action against defendants Sopheon Corporation ("Sopheon") and Greg Coticchia ("Coticchia" and collectively, "defendants"), alleging employment discrimination and retaliation on the basis of gender, sex and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.*, the New York State Human Rights Law § 290, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.*

       Currently pending before this Court, on referral from the Honorable Ramon E. Reyes, Jr., is defendant Sopheon's motion to strike certain paragraphs in plaintiff's Complaint, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *See* Mot. to Strike (Dkt. 16). For the reasons set forth below, this Court respectfully recommends denying Sopheon's motion.

**Factual and Procedural Background**

       The following facts are drawn from the Complaint, which are accepted as true for purposes of this motion.

       In January 2022, plaintiff was hired by Sopheon after being recruited by Sopheon's Sales

Vice President of Americas, John Beischer, and interviewing with defendant Coticchia and Sopheon's Executive Chairman, Andrew Michuda.  Compl. ¶¶ 12-13 (Dkt. 1).  Plaintiff, who is a gay woman, alleges that she experienced a "toxic, chaotic," work environment at Sopheon, characterized by an "old boy's club" culture that marginalized women and gay employees.  *Id.* ¶¶ 7, 11, 77.  Coticchia preferred to hire "dudes" and "bros" who fit this "boy's club" culture.  *Id.* ¶ 26.

Plaintiff further alleges that defendant Coticchia fostered a "boy's club" atmosphere at Sopheon, where perceived straight men were given preferential opportunities, including defendant Coticchia's personal mentorship, even though additional opportunities were "not tied to identifiable performance metrics."  *Id.* ¶ 17.  In contrast, better-qualified female employees were denied similar opportunities.  *Id.* ¶ 18.  Coticchia also made misogynistic jokes of a sexual nature about female employees, and socialized with male employees after work, excluding female employees from the gathering.  *Id.* ¶ 25.  Plaintiff alleges that the leadership team was almost exclusively male, and women were routinely dismissed and "treated as second class citizens in meetings."  *Id.* ¶ 19.  In fact, some male employees flatly refused to work with plaintiff because she was a woman.  *Id.* ¶ 24.

In or around February 2023, plaintiff alleges that she participated in an internal investigation regarding another employee's sexual harassment complaint against a Vice President at Sopheon.  *Id.* ¶¶ 58-62.  During the investigation, plaintiff informed Sopheon's Human Resources Department that the Vice President "was a problem" and confirmed that "he had misogynistic attitudes and was very inappropriate" with women.  *Id.* ¶ 61.  After the

investigation, plaintiff alleges that Coticchia retaliated against her. *Id.* ¶ 65.

Plaintiff alleges that defendants excluded her from meetings, stripped her accounts, and treated her with increased scrutiny, despite her having a strong performance record. *Id.* ¶¶ 67-70. Plaintiff also alleges that in the spring and summer of 2023, Coticchia fired an employee who brought a same-sex date to a work event, as well as two employees, a gay man and a woman. *Id.* ¶¶ 74-75. On July 5, 2023, plaintiff, along with the entire company and board, received an email from Coticchia, in which he announced "changes to the sales leadership team." *Id.* ¶ 85. Shortly after receiving the email, plaintiff received a separation agreement via email. *Id.* ¶ 86.

Sopheon moves to strike the following two paragraphs of the Complaint:

> 91. At the time this complaint was written, Defendant Sopheon had 116 reviews on popular "job rating" site Glassdoor.com. . . . Among a plethora of negative assessments of the company are brutal descriptions of Defendant Coticchia as a "charlatan" and leadership as "narcissists" who condone "rampant, blatant cronyism." One reviewer described the "company culture [as] a demoralizing nightmare" and another wrote, "stress levels during time in this company is unmatched" and said that the "managers do not care about that." Another asserted, "It took a toll on my mental health."
>
> 92. Regarding practices of discrimination, one reviewer remarked that Defendant Sopheon should "work on diversity: there have got to be more than 2 POC in the U.S. who are qualified to work at Sopheon." Significantly, another wrote: "Before I resigned at least 3-4 employees have gone to HR to report toxic and harassing behavior from management. I submitted written documentation too. Nothing."

*Id.* ¶¶ 91-92.

Sopheon argues that paragraphs 91 and 92 of the Complaint "contain a series of irrelevant accusations and attacks by anonymous individuals designed solely to prejudice Sopheon." Mot. to Strike at 1. Sopheon contends that the allegations at issue contain "inadmissible and unreliable hearsay." *Id.* at 2.

3

**Discussion**

I.      **Rule 12(f) of the Federal Rules of Civil Procedure**

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike call for an extreme remedy, and therefore they are disfavored and rarely granted." *Bank of Am., N.A. v. Vanderbilt Trading USA LLC*, No. 17-CV-7167, 2019 WL 8807747, at *9 (E.D.N.Y. Sept. 9, 2019) (internal quotation marks and citation omitted); *see Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019) ("motions to strike material solely on the ground that the matter is impertinent and immaterial are disfavored"). The Second Circuit has cautioned that district courts "should not tamper with the pleadings unless there is a strong reason for doing so." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

"A party moving to strike has a high burden and must demonstrate that: (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593, 2021 WL 4124616, at *26 (S.D.N.Y. Sept. 9, 2021) (citation omitted); *see Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 69 (E.D.N.Y. 2011).

A.      *Prejudice*

First, Sopheon has failed to establish that it would be prejudiced if the allegations were permitted to stand. *See Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 51 (S.D.N.Y. 2020) ("despite whether the allegations may be 'embarrass[ing],' Defendants have not shown that they will cause prejudice to them in this case"); *Torre v. Charter Commc'ns*, 493 F. Supp. 3d 276, 290 (S.D.N.Y. Oct. 8, 2020) (denying motion to strike for lack of prejudice where

defendant "could arguably satisfy the first two requirements"); *Casiano v. Cnty. of Nassau*, No. 16-CV-1194, 2016 WL 7667287, at *6 (E.D.N.Y. Dec. 12, 2016) (denying motion to strike "hearsay statements" for lack of prejudice), *report and recommendation adopted*, 2017 WL 78892 (E.D.N.Y. Jan. 9, 2017). The allegations challenged by Sopheon merely recite publicly-available information posted on the website, https://www.glassdoor.com. *See* Compl. ¶¶ 91, 92 & n.1. Given that the identical comments are publicly available, "any prejudice to defendants is purely speculative." *Nimmons v. United States Tennis Ass'n*, No. 18-CV-2499, 2019 WL 8197772, at *7 & n.9 (E.D.N.Y. Jan. 7, 2019); *see Meyenhofer*, 503 F. Supp. 3d at 51; *Torre*, 493 F. Supp. 3d at 290; *Lynch*, 278 F.R.D. at 66-68 (allegations that are "part of the public record and generally available detract[s] from any potential prejudice").

    B.    *Admissibility*

Sopheon relies heavily on the hearsay nature of the anonymous reviews, arguing that "Courts have often excluded anonymous or voluntary surveys as irrelevant and unreliable." Reply Ltr. at 2 (Dkt. 28). However, the cases cited by Sopheon are inapposite since they involve evidentiary rulings at trial, rather than motions to strike allegations in pleadings. *See id.* (citing *Van Brunte-Piehler v. Absolute Software, Inc.*, 744 F. Supp. 3d 277, 290-91 (W.D.N.Y. 2024)). In contrast, courts have frequently denied motions to strike allegations on the grounds that they include anonymous postings or hearsay. *See Eckhart*, 2021 WL 4124616, at *25 (denying motion to strike "allegations involving anonymous recipients of inappropriate messages"); *Torre*, 493 F. Supp. 3d at 290 (denying motion to strike "allegations that are based solely on hearsay"); *Restis v. Am. Coalition Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 731 (S.D.N.Y. Sept. 30, 2014) (denying motion to strike allegations containing "offensive Facebook comments" and "claims of non-parties").

5

"The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Lynch*, 278 F.R.D. at 67 (quoting 5C *Fed. Prac. & Proc.* Civ. § 1382 (3d ed. 2011)).  However, at this early stage of the case, the Court need not determine whether the jury will see these allegations or whether they are relevant and admissible under the Federal Rules of Evidence.  *Lynch*, 278 F.R.D. at 67, 68; *Meyenhofer*, 503 F. Supp. 3d at 51 ("evidentiary claims that the allegations['] probative value is outweighed by the potential for prejudice are properly reserved for trial").  Such evidentiary determinations "'require the context of an ongoing and unfolding trial in which to be properly decided' and in any event should not be decided 'on the sterile field of the pleadings alone.'" *Lynch*, 278 F.R.D. at 68 (quoting *Lipsky*, 551 F.2d at 893).

    C.    *Relevance*

In any event, Sopheon has not established that the allegations are irrelevant to plaintiff's claims of gender and sexual orientation discrimination.  In the Complaint, plaintiff alleges that Sopheon operates as a "toxic," "old boy's club," in which defendant Coticchia gives preferential treatment to his "cronies."  Compl. ¶ 7.  Paragraph 91 of the Complaint similarly contains complaints of "rampant, blatant cronyism," resulting in a "company culture [that is] a demoralizing nightmare."  *Id.* ¶ 91.

Paragraph 92 includes reference to reviews complaining that Sopheon needed to "work on diversity" and that "at least 3-4 employees have gone to HR to report toxic and harassing behavior from management."  *Id.* ¶ 92.  Accordingly, allegations concerning the company's "cronyism" and lack of "diversity" are relevant to demonstrating the background and

environment where the alleged discrimination occurred.  *See Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008) ("Although the Plaintiff's religion-based hostile work environment claim has been dismissed, the allegations underlying that claim are still relevant to establishing the overall office environment.").  At a minimum, at this early stage of the case, the Court cannot find that the allegations "have no possible relation to the plaintiff's cause of action." *Nimmons*, 2019 WL 8197772, at *8.

## Conclusion

For the foregoing reasons, the Court respectfully recommends that the District Court deny Sopheon's motion to strike.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to the recommendations made in this Report must be filed with the Honorable Ramon E. Reyes, Jr. within 14 days after the filing of this Report and Recommendation and, in any event, on or before January 6, 2026.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
       December 23, 2025

　　　　　　　　　　　　　　　　　　　　　s/ James R. Cho
　　　　　　　　　　　　　　　　　　　　　James R. Cho
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge